IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAIME RODRIGUEZ MARTINEZ,<br>A# 243-072-243,<br><br>  *Petitioner*,<br><br>V.<br><br>SYLVESTER M. ORTEGA, Field Office<br>Director of Enforcement and Removal<br>Operations, San Antonio field Office,<br>Immigration and Customs Enforcement; *et al.*,<br><br>  *Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. SA-26-CV-04050-FB |

## **ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court are Petitioner Jaime Rodriguez Martinez's ("Petitioner") Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (ECF No. 1) and the Federal Respondents' ("Respondents") response (ECF No. 3). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

### **BACKGROUND**

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas. Petitioner entered the United States in April of 2008, and upon entry Customs and Immigration Enforcement apprehended and released Petitioner. ICE detained Petitioner again on June 19, 2026, following a routine traffic stop. Petitioner argues Petitioner's detention is unlawful and asks the Court to order a bond hearing or Petitioner's release.

### **DISCUSSION**

In preparing their response to the Petition, Respondents were ordered to consider a list of prior court orders issued in the Western District of Texas addressing whether Petitioner's detention violates due process and note any material factual differences. Respondents filed a response, relying in part on

*Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *7 (5th Cir. July 2, 2026), which

has since been vacated by the Fifth Circuit.  The Court therefore considers whether rulings prior to

*Sosnava Rodriguez* concerning similar challenges to the government policy or practice at issue in this

case, and the common question of law between this case and those rulings, would control the result in

this case should this Court follow its legal reasoning in its prior decisions.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the

Petition for the same reasons stated in the prior relevant decisions identified by the Court in the Order

for Service.  *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr.

9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2,

2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19,

2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026);

*Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026);

*Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025);

*Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025);

*Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

## CONCLUSION

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to

consider the arguments presented in the instant habeas Petition; (2) Respondents have violated

Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to

Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one.  The Court

treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider

*Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges

presented.

-3-

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is  **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Jaime Rodriguez Martinez, A# 243-072-243,  from custody, under reasonable conditions of supervision, to a public place no later than **July 23, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **July 24, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 20th day of July, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE